UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BRADLEY PRUITT, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 2:23-cv-171 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| SPECIALIZED LOAN SERVICING, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

Before the Court is Defendant Specialized Loan Servicing, LLC's motions for judgment on the pleadings (Doc. 17) and to vacate the state court's judgment (Doc. 15). For the reasons set forth below, Defendant's motions will be **GRANTED**.

**I.    PROCEDURAL HISTORY**

    **A.  *Pruitt I***

On August 17, 2023, Plaintiff filed suit in the Chancery Court of Knox County, Tennessee ("*Pruitt I*"),[1] seeking a temporary restraining order ("TRO") and a preliminary injunction to stop Defendant from foreclosing on a property he had purchased. (*Pruitt I*, Doc. 1-2.) *Pruitt I* was removed to federal court on September 22, 2023. (*Pruitt I*, Doc. 1.) The Court held a preliminary injunction hearing for October 16, 2023, and ordered the parties to provide briefing in advance of the hearing. (*Pruitt I*, Docs. 10, 11.) Plaintiff argued that he did not have to pay his home loan because he signed "accepted" on a monthly mortgage statement he received

---

[1] Case Number 3:23-cv-344.

from the owner of the debt. (*Pruitt I*, Doc. 23, at 2.) Plaintiff did not cite to any statute or caselaw that supported his theory. (*Id.*) Plaintiff also argued that he was not provided "authenticated evidence of a signed bilateral contract or proof of debt," again not citing any statute. (*Id.* at 3.)

After hearing arguments from both parties, the Court ruled from the bench and denied Plaintiff's motion for a preliminary injunction. Based on the facts developed at the preliminary-injunction hearing, the Court put the parties on notice that, pursuant to Federal Rule of Civil Procedure 56(f), it was considering entering summary judgment on the claims alleged in the complaint. (*Pruitt I*, Docs. 19, 21.) Specifically, the Court questioned "whether any of Plaintiff's allegations amount to legally cognizable causes of action." (*Pruitt I*, Doc. 19, at 2.) The Court noted that "Plaintiff does not cite any Tennessee or Federal statute or caselaw which would allow him to avoid paying the debt that he acknowledges that he took on and has not paid." (*Id.*) The Court allowed Plaintiff two opportunities to respond. (*Pruitt I*, Docs. 19, 21.) On November 20, 2023, the Court concluded that Plaintiff had failed to state a claim upon which relief could be granted and dismissed Plaintiff's claims with prejudice. (*Pruitt I*, Doc. 23.) The Court admonished Plaintiff that his suit was baseless and constituted a misuse of the courts. (*Id.* at 3–4.)

### B. *Pruitt II*

Less than two months later, on January 4, 2024, Plaintiff again filed suit in the Chancery Court of Knox County, Tennessee ("*Pruitt II*").[2] (*Pruitt II*, Doc. 1.) Defendant again removed the action to federal court on February 2, 2024. (*Id.*) Plaintiff's complaint was identical to the complaint in *Pruitt I* and again sought a TRO and preliminary injunction to prevent Defendant

---

[2] Case Number 3:24-cv-45.

from foreclosing on the same property. (*Pruitt II*, Doc. 1-1.) The Court, acting *sua sponte*, found that this "second complaint [was] identical word for word to his initial complaint" and was therefore barred by the doctrine of res judicata. (*Pruitt II*, Doc 10, at 3.) The Court noted that Plaintiff's claims were entirely based on the same frivolous legal theories that he advanced in *Pruitt I*. (*Id.* at 3–4.) The Court admonished Plaintiff and warned him that "the Court may issue sanctions to deter him from continuing to file frivolous and meritless motions and pleadings." (*Id.* at 5.)

### C. The Present Suit

On November 8, 2023, Plaintiff filed the present suit, this time in the Chancery Court of Hamblin County, Tennessee ("Hamblin County Court"). (Doc. 1-1.) Plaintiff again sought to prevent Defendant from foreclosing on a property he owned, although this property was a different property than the one at issue in *Pruitt I* and *II*. (*Id.*) Plaintiff's complaint was otherwise identical word for word to his complaint in *Pruitt I* and *II*. (Compare *Pruitt I*, Doc 1-2 with Doc. 1-1.)

This case was removed to federal court on December 12, 2023. (Doc. 1.) Notice of removal was provided to both Plaintiff and the Hamblin County Court that same day. (Doc. 17-1.) The notice of removal stated that "the State court shall proceed no further unless and until the case is remanded." (*Id.* (quoting 28 U.S.C. § 1446(d).) Plaintiff did not move to remand the action to state court. Despite being on notice that his case was now in federal court, Plaintiff proceeded with his complaint in Hamblin County Court and moved for summary judgment against Defendant on January 17, 2024. (Doc. 17-2, at 3–4.) Plaintiff submitted an affidavit in support of his motion. (*Id.* at 5–6.) In this affidavit Plaintiff acknowledged that "[o]n December 13th, 2023, the Defendant motioned the court to move this case to federal court." (*Id.* at 5.)

However, Plaintiff claimed that "[o]n December 20th, 2023, [Plaintiff] filed a motion to Deny the Defendant's request to move this case to federal court. To [Plaintiff's] knowledge, the case has not been moved, and we are currently before this honorable state court." (*Id.*) On January 18, 2024, the Hamblin County Court granted Plaintiff's motion for summary judgment. (Doc. 17-3, at 2.)

On February 29, 2024, Defendant moved to vacate the Hamblin County Court's judgment (Doc. 15) and for judgment on the pleadings (Doc. 17). Plaintiff did not respond to either motion. Defendant's motions are now ripe.

II. ANALYSIS

  A. State Court Judgment

"Once a notice of removal is filed, 'the State court shall proceed no further unless and until the case is remanded.'" *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) (quoting 28 U. S. C. § 1446(d)). As the Supreme Court has explained, a state court "los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void." *Id.* (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)). Here, Defendant filed a notice of removal on December 13, 2023, and provided it to both Plaintiff and the Hamblin County Court. (*See* Docs.1-2; 17-1). Any action taken by the Hamblin County Court from that point on is void, including its grant of summary judgment in favor of Plaintiff (Doc. 17-3). *See Acevedo Feliciano*, 140 S. Ct. at 700; *Harris v. TD Ameritrade, Inc.*, No. 4:14-CV-017, 2014 WL 5438530, at *3 (E.D. Tenn. Oct. 22, 2014) ("[O]nce Defendant completed the removal procedures on March 10, 2014, the General Sessions Court no longer had jurisdiction and any

further action by that court is void"). Because the Hamblin County Court did not have jurisdiction, the judgment entered on January 18, 2024, is **VOID**.

### B. Motion for Judgment on the Pleadings

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6) or Rule 12(c). A Rule 12(c) motion for judgment on the pleadings is analyzed using the same standards that apply to Rule 12(b)(6) motions for failure to state a claim. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

For purposes of determining whether Rule 8 is satisfied, the Court construes the complaint in the light most favorable to the plaintiff and assumes the truth of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of truth, however, does not extend to legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiff filed the same complaint he did in *Pruitt I*. (*See* Pruitt I, Doc. 1-2.) Aside from this case concerning a different property than was at issue in *Pruitt I*, the facts of this case are identical. Plaintiff again seems to suggest he does not have to pay his home loan, because he signed "accepted" on a monthly mortgage statement he received from the owner of the debt. (Doc. 15-1, at 19.) The Court has already explained why this complaint fails to state a claim and incorporates its analysis by reference here. (*Pruitt I*, Doc. 23, at 1–3.) Plaintiff's complaint remains utterly frivolous in both fact and law and will be **DISMISSED WITH PREJUDICE**.[3]

### C. Plaintiff's Future Filings

"A court may exercise its inherent power to sanction when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct was 'tantamount to bad faith.'" *United States v. Aleo*, 681 F.3d 290, 305 (6th Cir. 2012) (quoting *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)). To prevent these repeated frivolous filings, courts have sanctioned individual litigants to protect the fair and efficient administration of justice for those parties pursuing legitimate claims. *See United States v. Lewis*, 411 F.3d 838, 844 (7th Cir. 2005) (noting at times courts must resort to monetary sanctions or filing bars to restrain abusive litigants); *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (ordering clerk of court to return any papers defendant attempted to file in all civil actions until he paid sanctions entered

---

[3] Defendant argues that Plaintiff's claims are barred by the doctrine of res judicata. (Doc. 16, at 7–9.) Because the Court has already concluded that Plaintiff has failed to state a claim, there is no need to address this argument here.

against him for filing numerous frivolous and fraudulent filings); *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (entered order addressing prisoner's repeated filing of civil actions and successive collateral attacks on the basis of the Supreme Court's holding in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), that courts have inherent powers to protect themselves from vexatious litigation).

This is Plaintiff's third appearance before the Court. Each time, Plaintiff has asserted the same frivolous legal theory. The Court has admonished Plaintiff in the past as to the very real harms his frivolous filings cause but that has clearly not dissuaded him. It is again necessary for the Court to impose an injunction. Any suit filed by Plaintiff will be screened, and if it is found to be based on the same set of facts as this matter, it **SHALL** be summarily dismissed. If necessary, the Court may impose additional sanctions, including monetary penalties, to deter Plaintiff's willful misuse of the Court system.

Additionally, given Plaintiff's repeated frivolous lawsuits and filings, the Court **WILL REFER** Plaintiff to Chief Judge Travis McDonough for consideration of whether injunctive measures are appropriate pursuant to Standing Order 18-04. Plaintiff has now filed three frivolous lawsuits and repeatedly filed frivolous motions in those lawsuits. *See Pruitt I*; *Pruitt II*. Pursuant to Standing Order 18-04, the judges of this District have delegated to the chief judge the authority to enter injunctions "limiting filings by individuals who have abused the legal process and adjudicate any matters arising from those injunctions." The standing order further provides that "[d]istrict judges will refer litigants with a history of repetitive, vexatious, or frivolous litigation to the chief judge to determine whether an injunction is appropriate." *Id.* Plaintiff qualifies for such a referral.

### III. CONCLUSION

For the reasons stated above, the judgment entered by the Hamblin County Chancery Court on January 18, 2024, is **VOID**. Furthermore, the Court finds that the complaint fails to state a claim and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to send a copy of this order to the Chancery Court of Hamblin County, Tennessee. The Clerk is **DIRECTED** to close this matter.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**